Robert Chalfant (State Bar No. 203051)
**LAW OFFICE OF ROBERT CHALFANT**
5701 Lonetree Blvd., Suite 312
Rocklin, California 95765
Telephone: (916) 647-7728
Facsimile: (916) 930-6093
Email: robert@rchalfant.com

Attorney for Plaintiff
JANE ROE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JANE ROE,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER GREG RODRIGUEZ, ACTING WARDEN MICHAEL PALLARES, and DOES 1 to 20,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

This action arises from the sexual assault and rape of JANE ROE, a former inmate, by OFFICER GREG RODRIGUEZ, a correctional officer employed by the State of California at Central California Women's Facility ("CCWF") in Chowchilla, California.

**JURISDICTION & VENUE**

1. This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state

1

law claims under 28 U.S.C. § 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because the acts and/or omissions stated herein occurred in the Eastern District of California.

3. Intra-district venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Madera.

**EXHAUSTION**

4. JANE ROE submitted a timely Government Claim to the State of California regarding the claims alleged in this action on October 3, 2022. The claim was rejected by operation of law on November 17, 2022, as the State of California never issued a written rejection of JANE ROE's claim.

**PARTIES**

5. Plaintiff JANE ROE is a resident of the County of Sacramento, California. Plaintiff JANE ROE brings this action in her individual capacity on behalf of herself.

6. Defendant ACTING WARDEN MICHAEL PALLARES is, and at all times material herein was, the Acting Warden of CCWF, located in Chowchilla, California. ACTING WARDEN MICHAEL PALLARES was acting within the course and scope of his employment and under color of state law at all relevant times. ACTING WARDEN MICHAEL PALLARES is sued in his individual capacity.

7. OFFICER GREG RODRIGUEZ is, and at all times material herein was, a Correctional Officer employed by the State of California at CCWF and acting within the course and scope of his employment and under color of state law. Defendant OFFICER GREG RODRIGUEZ is sued in his individual capacity.

8. Defendant DOES 1 to 20 are and/or were agents or employees of the State of California, California Department of Corrections and Rehabilitation, acting within the course and scope of their employment and under color of state law. Defendant DOES 1 to 20 true and correct names and identities are not currently known. Defendant DOES 1 to 20 are sued by their fictitious

names and true and correct names and identities will be submitted when ascertained.

**GENERAL ALLEGATIONS**

9. At all times relevant herein, all wrongful and unlawful acts described herein were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

10. In 2006, the California Department of Corrections and Rehabilitation ("CDCR"), adopted a Prison Rape Elimination Act Policy ("PREA"), which declares that CDCR has "zero tolerance for sexual violence, staff sexual misconduct and sexual harassment in its institutions," and that all "sexual violence, staff sexual misconduct, and sexual harassment is strictly prohibited." See Department of Corrections and Rehabilitation Operations Manual, Article 44, Section 54040.1 "Policy".

11. CDCR's PREA definitions provide that the "legal concept of 'consent' does not exist between staff and offenders; any sexual behavior between them constitutes sexual misconduct and shall subject the staff member to disciplinary action and/or to prosecution under the law." See Section 54040.3, "Definitions".

12. All correctional officers at CCWF are required to report "immediately and confidentially to the appropriate supervisor any information that indicates an offender is being, or has been the victim of sexual violence, staff sexual misconduct, or sexual harassment." See Section 54040.7.

13. State law also requires employees to report correctional staff misconduct. California Code of Regulations, Title 15, Section 3401.5(c) requires any employee who observes or receives "any incident, information or facts which would lead a reasonable person to believe sexual misconduct has occurred" to "immediately report the information or incident." Failure to do so can subject an employee to disciplinary action. Id.

14. In 2005, the California legislature also enacted the Sexual Abuse in Detention Act ("SADEA") ( See Penal Code Sections 2635-2643). California Penal Code Section 2636, subsection (b), requires that CDCR "ensure that staff members intervene when an inmate or ward appears to be the target of sexual harassment or intimidation."

15. In early April of 2022, JANE ROE arrived at CCWF to complete a prison sentence after pleading no contest to a felony charge in Sacramento, California. This was JANE ROE's first prison commitment, and she was 20 years old.

16. While serving her custody sentence at CCWF, JANE ROE worked at A Yard work exchange. Her duties as an inmate worker included cleaning the Board of Parole Hearings ("BPH") offices, among other duties.

17. The BPH offices are in a secure building that requires correctional officer approval and the unlocking of secured doors/gates by correctional officers prior to entry.

18. The BPH offices are comprised of several small offices and one large hearing office ("Hearing Office"), where the Board of Parole Hearings conducts parole suitability hearings. A hallway is used to access the various offices and Hearing Office.

19. The small offices and hallway at BPH all have constant video surveillance, and a live video feed of these locations is continuously monitored by correctional officers that are stationed adjacent to BPH.

20. The BPH Hearing Office is not monitored by video cameras.

21. Immediately upon meeting OFFICER RODRIGUEZ at A Yard work exchange, he began making sexually inappropriate comments, engaging in sexual harassment, and sexually assaulting and battering JANE ROE.

22. For example, OFFICER RODRIGUEZ would physically grab JANE ROE on her breasts and buttocks, and this happened on at least ten separate occasions.

23. OFFICER RODRIGUEZ would tell JANE ROE that he wanted to have sex with her and ask her for pictures of herself.

24. OFFICER RODRIGUEZ would inform JANE ROE that if she needed his assistance, she would have to do something for him, and it was clear to JANE ROE, based on OFFICER RODRIGUEZ's tone and innuendo, that this meant that she needed to engage in sexual acts.

25. OFFICER RODRIGUEZ also offered JANE ROE contraband items such as cigarettes, candy and food.

26. OFFICER RODRIGUEZ would engage in sexually harassing and inappropriate behavior with JANE ROE, and other female inmates, whenever they went through A Yard work exchange.

27. OFFICER RODRIGUEZ's sexually harassing and inappropriate behavior was witnessed by other correctional officers and inmates during his assignment to A Yard work exchange.

28. Female inmates had complained to supervisory staff about OFFICER RODRIGUEZ's sexually harassing and assaultive behavior prior to April of 2022, and these complaints were forwarded to ACTING WARDEN MICHAEL PALLARES.

29. OFFICER RODRIGUEZ also had access to JANE ROE's C-file and commitment information and knew that JANE ROE was going to serve a short custody sentence at CCWF.

31. OFFICER RODRIGUEZ would ask JANE ROE if she would come visit him at his house after she was released.

32. JANE ROE would always tell OFFICER RODRIGUEZ "No" and tell him to stop when he engaged in sexual harassment and inappropriate behavior at A Yard work exchange.

33. JANE ROE did not consent to being sexually harassed, sexually assaulted and battered by OFFICER RODRIGUEZ.

34. The sexual harassment, sexual assault and sexual battery incidents described above occurred between April and June of 2022.

35. OFFICER RODRIGUEZ began summoning JANE ROE to BPH during her incarceration, and this began to occur in June of 2022.

36. JANE ROE was summoned to the BPH offices by OFFICER RODRIGUEZ on June 8, 2022. An inmate movement slip ("ducat"), confirms that JANE ROE was summoned to BPH on that date by OFFICER RODRIGUEZ.

37. There are cameras outside of the BPH Hearing Office, and these cameras had unobstructed views of the hallway outside of the Hearing Office.

38. These cameras presented a live video feed that was being monitored continuously by correctional officers in an office adjacent to the BPH offices. This video was also being

recorded so that it could be re-played upon request.

39. These live video feeds were being monitored by correctional officers on June 8, 2022 and showed OFFICER RODRIGUEZ escort JANE ROE into the Hearing Office where the Board of Parole Hearings conducts parole suitability hearings for inmates, and close the door.

40. OFFICER RODRIGUEZ informed JANE ROE that there were no cameras in the BPH Hearing Office and told her that he wanted to have sex with her.

41. JANE ROE had no romantic interest in OFFICER RODRIGUEZ and told him "No."

43. OFFICER RODRIGUEZ walked up to JANE ROE and began forcefully trying to take off her prison issued clothing. JANE ROE resisted his advances and again told him "No" and asked him to "please stop."

44. JANE ROE did not consent to being touched, grabbed and molested by OFFICER RODRIGUEZ and made it clear to him that she did not consent to engaging in any sexual activity.

45. OFFICER RODRIGUEZ informed JANE ROE that he would fabricate false Rules Violation Report ("115's"), if she did not have sex with him, even though she had violated no CCWF rules or policies.

46. OFFICER RODRIGUEZ informed JANE ROE that these violations would increase her period of commitment at CCWF, suspend any privileges she was entitled to, and would result in a transfer to solitary confinement at the Special Housing Unit ("SHU").

47. JANE ROE knew that a 115 Rules Violation would increase her period of commitment by 6 months and that if her custody period was extended, that she would face further sexual harassment and assaults by OFFICER RODRIGUEZ and may be placed in the Special Housing Unit ("SHU") in solitary confinement.

48. OFFICER RODRIGUEZ then forced JANE ROE to bend over the table in the Hearing Office, pulled down her prison issued pants and underwear and had sexual intercourse with JANE ROE.

49. While raping JANE ROE, OFFICER RODRIGUEZ continually watched out the BPH window to make sure no other inmates or guards were present.

50. JANE ROE did not consent to sexual intercourse with OFFICER RODRIGUEZ.

51. OFFICER RODRIGUEZ did not wear a condom and ejaculated into a napkin or paper towel in the Hearing Office.

52. JANE ROE was completely devastated after being sexually assaulted and raped by OFFICER RODRIGUEZ in the Hearing Office. JANE ROE was terrified, afraid and felt hopeless to prevent future rapes and sexual assaults by OFFICER RODRIGUEZ.

53. JANE ROE had been the victim of childhood sexual assault, molestation and sex trafficking and being sexually assaulted and raped by OFFICER RODRIGUEZ has forced her to re-live many of the traumatic memories associated with those past events.

54. Reliving these traumas has caused JANE ROE to suffer anxiety, depression, grief, embarrassment, humiliation and hopelessness.

55. JANE ROE was aware that no correctional officers came to stop OFFICER RODRIGUEZ, even though correctional officers had seen OFFICER RODRIGUEZ take her into the Hearing Office and close the door on the live video feed.

56. OFFICER RODRIGUEZ instructed JANE ROE not to tell anyone and informed her that no one would believe her if she did as she was an inmate making allegations against a guard that had worked at CDCR for approximately twenty years.

57. CCWF has confirmed that video exists of JANE ROE in the hallway outside of the BPH Hearing Office, and that the video shows JANE ROE being taken into the BPH Hearing Office by OFFICER RODRIGUEZ, and OFFICER RODRIGUEZ closing the door.

58. Investigators at CCWF have also confirmed that video exists of other female inmates in the hallway outside of the BPH Hearing Office, and that the video shows other female

inmates being taken into the BPH Hearing Office by OFFICER RODRIGUEZ.

59. OFFICER RODRIGUEZ used the BPH Hearing Office to sexually assault and/or rape multiple victims. The exact number of victims is unknown at this time.

60. OFFICER RODRIGUEZ frequently requested overtime at BPH to commit these rapes and sexual assaults.

61. OFFICER RODRIGUEZ's requests for overtime were granted by ACTING WARDEN MICHAEL PALLARES and other supervisors, even though prior complaints of sexual harassment and sexual assault against OFFICER RODRIGUEZ had been alleged by female inmates in the BPH Hearing Office at CCWF.

62. Female inmates at CCWF had complained to supervisors and correctional officers that RODRIGUEZ was engaging in sexual harassment, sexual assault and rape, prior to JANE ROE being raped by OFFICER RODRIGUEZ on June 8, 2022.

63. ACTING WARDEN MICHAEL PALLARES and supervisory staff knew and were aware that female inmates had complained of sexual harassment, sexual assault and rape by RODRIGUEZ at the BPH Hearing Office and failed to remove OFFICER RODRIGUEZ from the BPH assignment or install a video system in the Hearing Office to monitor that location.

64. Even though ACTING WARDEN MICHAEL PALLARES and other supervisory staff were aware of these allegations, they failed to review the hours of video recordings that showed different female inmates entering the BPH Hearing Office with OFFICER RODRIGUEZ, which corroborated the female inmate's complaints.

65. These videos show OFFICER RODRIGUEZ taking numerous female inmates into an area without video monitoring (the Hearing Office) and closing the door.

66. One victim, JANE DOE, who has filed a lawsuit against OFFICER RODRIGUEZ and ACTING WARDEN MICHAEL PALLARES, inter alia, (*Doe v. Rodriguez*, et al., 1:22-cv-

8

01569-JLY-GSA), was raped by OFFICER RODRIGUEZ in the BPH Hearing Offices on May 15, 2022 and May 20, 2022, and video exists of OFFICER RODRIGUEZ summoning her to BPH and taking her into the Hearing Office on these two prior occasions.

67. CDCR, ACTING WARDEN MICHAEL PALLARES and unknown supervisors failed to conduct any inquiry into why OFFICER RODRIGUEZ was frequently alone with female inmates in this unmonitored location, even though they had complaints from female inmates that CDCR's PREA policies were being violated by OFFICER RODRIGUEZ.

68. OFFICER RODRIGUEZ's reputation as a sexual harasser and predator is well known among the female inmates at CCWF and supervisors and correctional staff knew or should have known that OFFICER RODRIGUEZ was a sexual predator and that he had a pattern and practice of summoning female inmates to the BPH Hearing Office and no legitimate reason for doing so.

69. CDCR, ACTING WARDEN MICHAEL PALLARES and RODRIGUEZ's supervisors and co-workers received complaints alleging sexual harassment and sexual assault from female inmates about OFFICER RODRIGUEZ prior to JANE ROE being sexually assaulted and raped and took no action in response to protect her from known and obvious acts of staff sexual misconduct, as required.

70. ACTING WARDEN MICHAEL PALLARES took no action on these complaints by female inmates and allowed OFFICER RODRIGUEZ to continue his unmonitored use of the BPH Hearing Office and allowed OFFICER RODRIGUEZ the continued ability to use the BPH Hearing Office to accrue overtime pay.

70. OFFICER RODRIGUEZ is currently under investigation for sexually assaulting and raping multiple female inmates at CCWF. OFFICER RODRIGUEZ was placed on paid administrative leave because of the investigation and has since "retired."

72. JANE ROE has suffered severe and extreme mental and emotional distress as a result of OFFICER RODRIGUEZ's actions and the failure of ACTING WARDEN MICHAEL

PALLARES, supervisors and others correctional officers to protect her from a serial rapist employed by CDCR.

73. JANE ROE will continue to suffer mental and emotional distress, anguish, embarrassment, and humiliation for the rest of her life.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

"Cruel and Unusual Punishment/Excessive Force"

(42 U.S.C. § 1983)

*Against Defendant RODRIGUEZ*

74. Plaintiff JANE ROE re-alleges and incorporates by reference paragraphs 1 through 73, as though fully set forth herein.

75. Defendant OFFICER RODRIGUEZ deprived JANE ROE of her rights under the Eighth Amendment to the U.S. Constitution, when he sexually harassed, sexually assaulted and raped JANE ROE while she was serving a prison sentence at CCWF.

76. OFFICER RODRIGUEZ used and abused his position of authority as a correctional officer employed at CCWF to control JANE ROE's movements within CCWF and at all times acted under color of law and without any penological justification.

77. OFFICER RODRIGUEZ touched JANE ROE in a sexual manner on multiple occasions and engaged in sexual conduct for his own sexual gratification. OFFICER RODRIGUEZ performed these acts for the purpose of humiliating, degrading and demeaning JANE ROE.

78. As a direct and proximate result of said acts by Defendant OFFICER RODRIGUEZ, JANE ROE suffered injuries and damages as alleged herein and to which JANE ROE is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

79. Defendant OFFICEER RODRIGUEZ's acts constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against Defendant OFFICER RODRIGUEZ according to proof.

## SECOND CLAIM FOR RELIEF

### "Right to Bodily Integrity"

### (42 U.S.C. § 1983)

*Against Defendant RODRIGUEZ*

80. Plaintiff JANE ROE re-alleges and incorporates by reference paragraphs 1 through 79, as though fully set forth herein.

81. Defendant OFFICER RODRIGUEZ deprived JANE ROE of her rights under the Fourteenth Amendment to the U.S. Constitution, when he sexually harassed, sexually assaulted and raped JANE ROE while serving a prison sentence at CCWF.

82. OFFICER RODRIGUEZ used and abused his position of authority as a correctional officer employed at CCWF to control JANE ROE's movements within CCWF and at all times acted under color of law and without any penological justification.

83. OFFICER RODRIGUEZ touched JANE ROE in a sexual manner on multiple occasions and engaged in sexual conduct for his own sexual gratification. RODRIGUEZ performed these acts for the purpose of humiliating, degrading and demeaning JANE ROE.

84. As a direct and proximate result of said acts by Defendant OFFICER RODRIGUEZ, JANE ROE suffered injuries and damages as alleged herein and to which JANE ROE is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

85. Defendant RODRIGUEZ's acts constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against Defendant RODRIGUEZ according to proof.

## THIRD CLAIM FOR RELIEF

### "Failure to Protect"

### (42 U.S.C. § 1983)

*Against ACTING WARDEN MICHAEL PALLARES, DOES 1 to 20*

86. Plaintiff JANE ROE re-alleges and incorporates by reference paragraphs 1 through 85, as though fully set forth herein.

87. The aforementioned acts and/or omissions of ACTING WARDEN MICHAEL PALLARES and DOES 1 to 20 in failing to properly investigate prior claims of sexual harassment, sexual assault and rapes committed against female inmates by OFFICER RODRIGUEZ were done with clear disregard for JANE ROE's rights under the Eighth Amendment.

88. ACTING WARDEN MICHAEL PALLARES and DOES 1 to 20 made intentional decisions with respect to OFFICER RODRIGUEZ that allowed him to use and have unmonitored access to the BPH Hearing Office, even allowing OFFICER RODRIGUEZ to use this location to obtain overtime pay and benefits.

89. These decisions and conditions put JANE ROE at substantial risk of suffering serious harm and she in fact suffered serious harm.

90. Defendant ACTING WARDEN MICHAEL PALLARES and DOES 1 to 20 did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved in light of the obvious consequences.

91. By not taking such measures, Defendant ACTING WARDEN MICHAEL PALLARES caused JANE ROE's injuries.

92. As a direct and proximate result of said acts and/or omissions by Defendants ACTING WARDEN MICHAEL PALLARES and DOES 1 to 20, JANE ROE suffered injuries and damages as alleged herein and to which JANE ROE is entitled to recover damages for past and future medical care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

93. The aforementioned acts and/or omissions of said Defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of JANE ROE, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

### THIRD CLAIM FOR RELIEF
### "Supervisory Liability"

**(42 U.S.C. § 1983)**

*AGAINST ACTING WARDEN MICHAEL PALLARES and DOES 1 to 20*

94. Plaintiff JANE ROE re-alleges and incorporates by reference paragraphs 1 through 93, as though fully set forth herein.

95. Supervisory Defendants ACTING WARDEN MICHAEL PALLARES and DOES 1 to 20 were acting under color of state law during all times relevant to this action.

96. By incarcerating, taking custody and assuming control over JANE ROE, ACTING WARDEN MICHAEL PALLARES and the supervisory DOE defendants created a special relationship that required Defendants to assume affirmative duties of care and protection.

97. ACTING WARDEN MICHAEL PALLARES and the supervisory DOE defendants, DOES 1 to 20, recklessly and with conscious disregard to known and obvious risks to JANE ROE's safety, failed to protect JANE ROE and other female inmates from pervasive sexual assaults and rapes by OFFICER RODRIGUEZ in the following ways:

    a. by continuing to employ RODRIGUEZ and other prison personnel in positions that allowed unsupervised and unmonitored access to female inmates even though ACTING WARDEN MICHAEL PALLARES and other supervisory defendants had knowledge that RODRIGUEZ and other correctional officers were committing sexual harassment, sexual assault and rape of female inmates in unmonitored locations;

    b. by failing to take any precautionary measures to address the known and ongoing problem of sexual abuse and misconduct by correctional officers at CCWF;

    c. by failing to install and maintain a video surveillance system in each and every location where female inmates are present and that correctional officers have access to;

    d. by failing to review and have their subordinates review live video feeds of locations through CCWF that have video surveillance to monitor whether OFFICER RODRIGUEZ or other correctional officers are taking female inmates into unmonitored locations;

    e. by failing to properly train, supervise, investigate and discipline OFFICER RODRIGUEZ even though ACTING WARDEN MICHAEL PALLARES and other supervisors

knew that female inmates had made complaints against OFFICER RODRIGUEZ that indicated he was violating CDCR's PREA policies;

      f.      by failing to investigate and terminate RODRIGUEZ prior to June 8, 2022, even though female inmates had submitted complaints against RODRIGUEZ alleging sexual misconduct committed by RODRIGUEZ at CCWF;

      g.      by allowing RODRIGUEZ to be assigned to BPH at CCWF even though female inmates had complained of sexual misconduct and sexual assaults, and ACTING WARDEN MICHAEL PALLARES and other supervisory defendants knew that BPH allowed OFFICER RODRIGUEZ to have unmonitored access to female inmates at CCWF; and,

      h.      by approving RODRIGUEZ's requests for overtime at the BPH office, even though supervisors had received prior complaints from female inmates that OFFICER RODRIGUEZ was using the unmonitored BPH to sexually assault and rape female inmates.

98. This conduct amounts to deliberate indifference to the rights of JANE ROE and other female inmates and shocks the conscience.

99. ACTING WARDEN MICHAEL PALLARES and the supervisory defendants knew that RODRIGUEZ and other correctional officers were engaging in these acts and knew the conduct would deprive JANE ROE and others of their rights.

100. As a direct and proximate result of said acts and/or omissions by Defendants ACTING WARDEN MICHAEL PALLARES and DOES 1 to 20, JANE ROE suffered injuries and damages as alleged herein and to which JANE ROE is entitled to recover damages for past and future medical care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

101. The aforementioned acts and/or omissions of said Defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of JANE ROE, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

**FOURTH CLAIM FOR RELIEF**

**"California Gender Violence Law"**

**(Cal. Civ. Code § 52.4)**

*Against RODRIGUEZ and DOES 1 to 20*

102. Plaintiff JANE ROE re-alleges and incorporates by reference paragraphs 1 through 101, as though fully set forth herein.

103. The actions of OFFICER RODRIGUEZ, in sexually harassing, sexually assaulting, and raping JANE ROE constitute "gender violence" and sex discrimination under Civil Code § 52.4, as those acts constitute criminal offenses under state law and involved physical invasions of a sexual nature under coercive conditions, whether or not OFFICER RODRIGUEZ is ever charged for his criminal conduct.

104. OFFICER RODRIGUEZ touched JANE ROE in a sexual manner on multiple occasions and engaged in sexual conduct for his own sexual gratification. RODRIGUEZ performed these acts for the purpose of humiliating, degrading and demeaning JANE ROE.

105. ACTING WARDEN MICHAEL PALLARES and other supervisory defendants knew and had been made aware through prior complaints that female inmates were being sexually assaulted by RODRIGUEZ at BPH, but failed to remove him from the BPH position, failed to monitor his actions at the BPH location and failed to install video cameras at the BPH Hearing Office to monitor that location.

106. As a direct and proximate result of said acts by Defendant OFFICER RODRIGUEZ, ACTING WARDEN MICHAEL PALLARES and DOES 1 to 20, JANE ROE suffered injuries and damages as alleged herein and to which JANE DOE is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

107. Defendant OFFICER RODRIGUEZ's acts constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against Defendant RODRIGUEZ according to proof.

**FIFTH CLAIM FOR RELIEF**

**"Tom Bane Civil Rights Act"**

**(California Civil Code § 52.1)**

*Against RODRIGUEZ and DOES 1 to 20*

108. Plaintiff JANE ROE re-alleges and incorporates by reference paragraphs 1 through 107, as though fully set forth herein.

109. Defendant OFFICER RODRIGUEZ sexually harassed, sexually assaulted and raped JANE ROE, through the use of coercion and an abuse of power, with deliberate indifference or reckless disregard of rights protected by the Eighth and Fourteenth Amendments to the U.S. Constitution.

110. Defendants DOES 1 to 20 failed to intercede in and were integral participants in and/or aided and abetted Defendant RODRIGUEZ's sexual harassment, sexual assaults and rapes of Plaintiff JANE ROE, with deliberate indifference or reckless disregard of rights protected by the Eighth and Fourteenth Amendments to the U.S. Constitution.

111. The individual Defendants actions and inactions constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof.

112. Plaintiff JANE ROE was injured as a direct and proximate result of Defendants' actions and inactions, entitling her to receive compensatory, treble damages and civil penalties against OFFICER RODRIGUEZ and DOES 1 to 20.

### SIXTH CLAIM FOR RELIEF

**"Sexual Assault and Battery"**

**(California Common Law/Civ. Code § 1708.5)**

Against RODRIGUEZ and DOES 1 to 20

113. Plaintiff JANE ROE re-alleges and incorporates by reference paragraphs 1 through 112, as though fully set forth herein.

114. OFFICER RODRIGUEZ acted with the intent to cause a harmful or offensive contact by repeatedly sexually assaulting, battering and raping JANE ROE while she was under his care, custody and control as an inmate at CCWF.

115. OFFICER RODRIGUEZ caused an imminent fear of sexual assault and battery by summoning JANE ROE to the BPH Hearing Office, informing her there were no cameras present

and telling her that he was going to have sex with her, and sexually offensive contact with JANE ROE resulted.

116. CDCR's PREA definitions clarify that the "legal concept of 'consent' does not exist between staff and offenders; any sexual behavior between them constitutes sexual misconduct and shall subject the staff member to disciplinary action and/or to prosecution under the law." See Section 54040.3, "Definitions".

117. JANE ROE did not consent to being touched by OFFICER RODRIGUEZ, and did not consent to being sexually assaulted and raped while in custody by OFFICER RODRIGUEZ.

118. JANE ROE was harmed by RODRIGUEZ's conduct.

119. As a direct and proximate result of said acts by Defendant OFFICER RODRIGUEZ, JANE ROE suffered injuries and damages as alleged herein and to which JANE ROE is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, and past and future mental and emotional distress.

120. Defendant RODRIGUEZ's acts constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against Defendant RODRIGUEZ according to proof.

## SEVENTH CLAIM FOR RELIEF

**"Intentional Infliction of Emotional Distress"**

**(California State Common Law)**

*Against RODRIGUEZ, PALLARES, and DOES 1 to 20*

121. Plaintiff JANE ROE re-alleges and incorporates by reference paragraphs 1 through 120, as though fully set forth herein.

122. Defendant OFFICER RODRIGUEZ engaged in extreme and outrageous conduct by repeatedly subjecting JANE ROE to non-consensual sexual acts, which caused JANE ROE to suffer severe mental and emotional distress.

123. Defendants DOES 1 to 20 engaged in extreme and outrageous conduct, including by failing to protect JANE ROE, integrally participating in, and/or aiding and abetting Defendant OFFICER RODRIGUEZ's sexual harassment, sexual assaults and rape of Plaintiff JANE ROE.

124. Defendants OFFICER RODRIGUEZ, ACTING WARDEN MICHAEL PALLARES and DOES 1 to 20 actions and inactions constituted oppression, fraud and/or malice resulting in great harm and thereby entitling JANE ROE to an award of punitive damages against all individually named Defendants.

125. Plaintiff JANE ROE was injured as a direct and proximate result of Defendants OFFICER RODRIGUEZ, ACTING WARDEN MICHAEL PALLARES and DOES 1 to 20 actions and inactions, entitling her to receive compensatory damages for past and future medical and psychological care, past and future pain and suffering, and past and future mental and emotional distress.

## EIGHTH CLAIM FOR RELIEF

### "Negligence"

### (California State Common Law)

*Against RODRIGUEZ, PALLARES, and DOES 1 to 20*

126. Plaintiff JANE ROE re-alleges and incorporates by reference paragraphs 1 through 125, as though fully set forth herein.

127. Defendants OFFICER RODRIGUEZ, ACTING WARDEN MICHAEL PALLARES, and DOES 1 to 20 owed a duty to protect Plaintiff JANE ROE and breached that duty by allowing OFFICER RODRIGUEZ to sexually assault and rape her while incarcerated at CCWF.

128. Defendants ACTING WARDEN MICHAEL PALLARES and Defendant DOES 1 to 20 failed to ensure Plaintiff was free from sexual violence caused by their subordinates, including:

   a. by failing to observe and reported multiple instances of suspicious conduct by RODRIGUEZ towards female inmates at A Yard work exchange and the BPH offices;

   b. by allowing and assigning OFFICER RODRIGUEZ to work the BPH assignment at CCWF, after having received multiple complaints from female inmates complaining of sexual misconduct by OFFICER RODRIGUEZ at BPH, and knowing that the BPH Hearing Office had no video surveillance;

   c. by the repeated failures of DOES 1 to 20 to report RODRIGUEZ for sexual abuse of inmates when each had seen OFFICER RODRIGUEZ taking female inmates into the BPH Hearing Office for extended periods of time with no lawful or legitimate reason, and for not questioning why OFFICER RODRIGUEZ was summoning female inmates to the BPH office with no legitimate or penological justification;

   d. by granting OFFICER RODRIGUEZ overtime shifts at BPH knowing female inmates had complained of sexual assault at that location and knowing there was no video monitoring in the BPH Hearing Office; and,

   e. by not supervising OFFICER RODRIGUEZ or other subordinate correctional officers to ensure they are complying with CDCR's PREA policies regarding the detection and reporting of staff sexual misconduct.

 129. Plaintiff JANE ROE was injured as a direct and proximate result of Defendants' actions to which JANE ROE is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, and past and future mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JANE ROE seeks judgment as follows:

1. For an award of nominal, compensatory, general and special damages against Defendants according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants RODRIGUEZ, PALLARES, and DOES 1 to 20, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional or statutory rights, and constituted oppression, fraud or malice resulting in great harm;

3. For an award of actual damages, treble damages, civil penalties and any other available relief against Defendants RODRIGUEZ, PALLARES and DOES 1 to 20;

4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Civ. Code § 52.4, Cal Code of Civ. Proc. § 1021.5, and any

other statute that may be applicable; and,

     5.    For an award of any other relief, as the Court deems fair, just and equitable.

Dated: December 7, 2022                                Respectfully Submitted,

                                                         By: /s/ Robert Chalfant
                                                         Robert Chalfant
                                                         Law Office of Robert Chalfant

                                                         Attorney for Plaintiff
                                                         JANE ROE

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff JANE ROE.

Dated: December 7, 2022                                Respectfully Submitted,

                                                         By: /s/ Robert Chalfant
                                                         Robert Chalfant
                                                         Law Office of Robert Chalfant

                                                         Attorney for Plaintiff
                                                         JANE ROE